MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

BENJAMIN TOLKOFF (NYBN 4294443)
Assistant United States Attorney

450 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102
Telephone: (415) 436-7200
Fax: (45) 436-7234
E-Mail: Benjamin.Tolkoff@usdoj.gov

Attorneys for Plaintiff

FILED

APR 2 8 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 4-11-70460 MAG (LB) |
| Plaintiff, ) | |
| v. ) | [PROPOSED] ORDER DETAINING DEFENDANT PENDING TRIAL |
| JOSE MANUEL PLANCARTE, ) | |
| Defendant. ) | |

I. DETENTION ORDER

Defendant Jose Manuel Plancarte is charged by complaint with distribution of more than 500 grams of methamphetamine, and more than 50 grams of methamphetamine (actual) in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(A)(viii). Plancarte is a suspected illegal immigrant for whom there is an immigration detainer. On April 25, 2011, the United States moved for the defendant's detention pursuant to 18 U.S.C. § 3142(f)(1)(C)(a case involving a controlled substance offense for which a maximum term of imprisonment of ten years or more is prescribed) and § 3142(f)(2)(A) (because there is a serious risk defendant will flee), and subsequently asked for a detention hearing pursuant to 18 U.S.C. § 3142(f). Following a hearing on April 28, 2011, under 18 U.S.C. § 3142(f), and considering the parties' proffer and the factors

set forth in section 3142(g), the Court finds that no condition or combination of conditions in section 3142(c) will reasonably assure the defendant's appearance in this case. *See* 18 U.S.C. §§ 3142(e)(2)(C) and (f).

Specifically, the Court notes the burden of production, to show he should be released, is upon the defendant. This presumption was not rebutted by any evidence or proffer from the defendant. Perhaps more importantly, there is an immigration detainer for the defendant that has been lodged by the Bureau of Immigration and Customs Enforcement (ICE). This means that, were the defendant released, he would be taken into ICE custody and deported or removed from the United States without unnecessary delay. This would make the defendant's appearance as required in this case impossible. The Court, therefore, orders that the defendant be detained pending trial.

The defendant reserved his right to present information at a future bail hearing should his circumstances change. *See* 18 U.S.C. § 3142(f) (a defendant has the right at a section 3142(f) hearing to, with the assistance of counsel, testify, present witnesses, cross-examine adverse witnesses, and present information by proffer or otherwise).

///

## II. CONCLUSION

The Court detains the defendant as a serious flight risk and because no condition, or combination of conditions, could assure the defendant's appearance in this case. Because the defendant waived his right to present information under 18 U.S.C. § 3142(f) without prejudice to his raising any relevant information at a later hearing, the Court orders that the hearing may be reopened at the defendant's request at a future time.

The Court orders that the defendant be committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. *See* 18 U.S.C. § 3142(i)(2). The defendant must be afforded a reasonable opportunity to consult privately with counsel. *See id.* § 3142(i)(3). On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for a court appearance. *See id.* § 3142(i)(4).

IT IS SO ORDERED.

DATED: April __, 2011

HON. LAUREL BEELER
United States Magistrate Judge